# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia**
**Plaintiff Below, Respondent**

**vs)  No. 14-1249** (Berkeley County 13-F-222)

**Jason L. Johnson**
**Defendant Below, Petitioner**

**FILED**

**June 3, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason L. Johnson, by counsel Matthew L. Harvey, appeals the August 12, 2014, and October 2, 2014, orders of the Circuit Court of Berkeley County denying his post-trial motions and motion for new trial. Respondent the State of West Virginia, by counsel Christopher C. Quasebarth, filed a response in support of the circuit court's order and a supplemental appendix. Petitioner contends that the circuit court erred in failing to disclose exculpatory impeachment evidence concerning the victim; in refusing petitioner's motion to continue the trial; and in allowing the State to cross-examine petitioner's alibi witness about her failure to promptly disclose petitioner's alibi and permitting the State to reference such failure in its comments to the jury.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, petitioner was indicted by a Berkeley County grand jury on charges of robbery in the first degree and assault during the commission of a felony. The charges against petitioner arose from a February 7, 2012, incident that occurred in Martinsburg. On that day, petitioner (who was wearing dark pants and a dark, hooded sweatshirt, with a ski mask on his face) approached a woman ("victim") and demanded her purse. When the victim refused to relinquish her purse, petitioner grabbed the purse, but the strap caught on the victim's arm. Petitioner then knocked the victim to the ground and struck her with a BB gun.[1] Eventually, the strap to the victim's purse broke and petitioner ran, with the purse, down a nearby alley.

---

[1]At the time of the incident, the victim (who was then seven months pregnant) was accompanied by a female friend. The female friend attempted to come to the victim's aid, but was unable to ward off petitioner.

1

Officers from the Martinsburg City Police Department arrived within minutes of the incident and searched the alley into which petitioner fled. In the alley, officers discovered an unlocked shed where the victim's purse, a ski mask, a BB gun, and a dark-colored jacket were found. Inside a jacket pocket, the officers discovered petitioner's driver's license. The ski mask found by the officers was tested at the West Virginia State Police Forensic Laboratory, and a DNA profile was obtained. The DNA obtained from the mask was a match for petitioner's DNA. Based upon these findings, petitioner was arrested.

Following his arrest, petitioner was appointed counsel.[2] Between the time of his arrest and trial, petitioner acquired funds and secured the services of a privately retained attorney (to whom he paid, two days prior to trial, a $3,500 retainer). Despite petitioner's payment of a retainer, the prospective attorney filed no substitution of counsel or notice of appearance as counsel for petitioner. On the morning of the first day of trial, petitioner made a motion for a continuance of the trial so that his prospective lawyer would have time to prepare for trial.[3] After hearing from petitioner's appointed counsel, and directly from petitioner, the circuit court denied petitioner's motion for a continuance. The circuit court found that petitioner's motion was untimely, that the case was ready to proceed to trial, and that petitioner's appointed trial counsel was competent.

At trial, the State introduced the testimony of the victim and the eyewitness to the crime (both provided a physical description matching petitioner) and introduced physical evidence implicating petitioner. Petitioner called several witnesses to testify on his behalf at trial, including his then girlfriend, who provided him with an alibi.[4] The girlfriend was cross-examined by the State about why she had not disclosed information regarding petitioner's alibi to police prior to trial. The girlfriend replied that ". . . I didn't know what to do . . . I figured somebody would contact me." When asked how law enforcement officers would have known that petitioner was allegedly with his girlfriend on the night of the incident, the girlfriend replied "I couldn't tell you that . . . ." On May 28, 2014, the jury returned a guilty verdict against petitioner as to both counts in the indictment. On June 13, 2014, petitioner filed post-trial motions, in which he argued that the State presented insufficient evidence at trial to support his convictions. The circuit court ruled that the State presented sufficient evidence against petitioner such that a jury could find his guilt beyond a reasonable doubt.

---

[2]Petitioner's initial appointed counsel withdrew, prior to petitioner's arraignment, when that counsel accepted an employment position in the prosecutor's office. Shortly thereafter, on June 4, 2013, prior to the return of the indictment against petitioner, Matthew L. Harvey was appointed to represent petitioner. Attorney Harvey represented petitioner throughout the pre-trial proceedings and trial, and is now petitioner's appellate counsel.

[3]The prospective attorney did not appear with petitioner in court on the morning of trial, as the attorney had a previously scheduled hearing in another county at the same time.

[4]The girlfriend testified that she was with petitioner at the time of the crime, and that the two of them had been watching a movie.

At his August 14, 2014, sentencing hearing, the State notified petitioner that the victim had been convicted (in November of 2013) of the felony charge of making a false statement on a passport application.[5] Petitioner requested a continuance of his sentencing hearing and permission to file a motion for a new trial, both of which were granted. On September 2, 2014, petitioner filed a motion for a new trial. The focus of the motion was that the State had a duty to disclose impeachment evidence that challenged the veracity of the victim's testimony. Because such evidence was unavailable to petitioner prior to or at trial, he argued that his counsel's trial preparation and petitioner's defense were hampered. By order dated October 2, 2014, petitioner's motion for a new trial was denied. In its order, the circuit court reasoned that when considering the record of the trial as a whole, the State presented substantial evidence from sources independent from the victim to substantiate the jury's finding of petitioner's guilt. Thereafter, on October 23, 2014, petitioner's sentencing hearing was held and petitioner was sentenced to twenty years in prison.[6] Petitioner now appeals to this Court.

On appeal, petitioner raises three assignments of error. First, petitioner argues that the circuit court erred in denying his motion for a new trial. Second, petitioner contends that the circuit court erred in denying his motion to continue the trial. Third, petitioner argues that the circuit court erred in permitting the State to cross-examine petitioner's alibi witness regarding her failure to provide information establishing petitioner's alibi prior to trial and for referencing such failures in its statements to the jury. We will address each of these assignments and their respective standards of review in turn.

In his first assignment of error, petitioner alleges that the circuit court improperly denied his motion for new trial based upon the State's failure to disclose the victim's felony conviction prior to or at trial. Petitioner contends that such failure was a violation of his due process rights.[7] We have previously identified three components that must be considered when determining

---

[5]The State denied having knowledge of the victim's felony conviction until minutes prior to the August 14, 2014, hearing. Upon learning of the victim's conviction, the State then disclosed the conviction to petitioner's counsel and did not oppose a continuance of the sentencing hearing or petitioner's filing of a motion for new trial.

[6]Petitioner was sentenced to a term of incarceration of twenty years on the charge of robbery in the first degree and not less than two years, nor more than ten years, on the charge of assault in the commission of a felony. Petitioner's two sentences were to run concurrently.

[7]Petitioner also alleges that the State's failure to provide him notice of petitioner's 2013 felony conviction was a violation of Rule 16(a)(1)(B) of the West Virginia Rules of Criminal Procedure, and that the circuit court's order did not address that particular argument. We find no merit to petitioner's claims. The circuit court's October 2, 2014, order denying petitioner's motion for a new trial clearly detailed the overwhelming physical evidence against petitioner, which was not based upon or derived from the testimony of the victim, such that evidence of the victim's 2013 felony conviction could not have placed the case in such a different light as to undermine confidence in the verdict.

whether the State has withheld exculpatory evidence such that it would violate an accused's due process rights:

> (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

Syl. Pt. 2, in part, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007).

In the instant case, petitioner argues that evidence regarding petitioner's 2013 felony conviction was favorable to him; that such evidence was suppressed (either willfully or inadvertently) by the State; and was material to his defense. Our review of the record confirms that the victim's 2013 felony conviction was not disclosed to petitioner either prior to or during the trial and that the conviction was favorable to petitioner.[8] However, we fail to find that such evidence was prejudicial to petitioner.

At trial, a description matching that of petitioner was provided not only by the victim, but also by an eyewitness to the incident. Further, within minutes of the occurrence of the crime, police officers found the victim's purse, a BB gun, a jacket with petitioner's driver's license in the pocket, and a mask with petitioner's DNA in the same alley where eyewitnesses chased the perpetrator after the crime. Because this case did not turn on the victim's credibility, an attack on her credibility through impeachment of an unrelated 2013 felony conviction does not undermine the confidence in the jury's verdict. Accordingly, the circuit court did not err in denying petitioner's motion for new trial.

In his second assignment of error, petitioner argues that the circuit court improperly denied petitioner's motion to continue the trial to allow his prospective new attorney time to prepare for trial. In syllabus point one of *State v. Jones*, 84 W.Va. 85, 99 S.E. 271 (1919), we held that

> [t]he granting of a continuance is a matter within the sound discretion of the trial court, though subject to review, and the refusal thereof is not ground for reversal unless it is made to appear that the court abused its discretion, and that its refusal has worked injury and prejudice to the rights of the party in whose behalf the motion was made.

*See also* Syl. Pt. 1, *State v. Dunn*, __ W.Va. __, __ S.E.2d __, 2016 WL 1564272 (April 13,

---

[8]The State disclosed the known prior convictions of its witnesses (including the victim) on February 20, 2014, and by amended notice on May 7, 2014. However, it did not disclose to petitioner, in either of these disclosures, the victim's 2013 felony conviction. The State argues that at the time of the submission of its disclosure of prior convictions of its witnesses, it was not aware of the victim's 2013 felony conviction. The State proffers that such conviction did not appear on petitioner's National Crime Information Center ("NCIC") report (last obtained by the State on November 6, 2013).

2016).

"A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979). Further, in *Bush*, we found that "[w]hether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied." Syl. Pt. 3, *id.*

In the instant case, the circuit court determined that petitioner's motion to continue was untimely made and without merit. In his appellate brief, even petitioner's counsel declares that he did not "for one minute believe he was unprepared" for trial. Further, in this appeal, petitioner has not pointed to any evidence to show that he suffered any actual prejudice as a result of the circuit court's refusal to grant a continuance. As the denial of petitioner's motion for a continuance was within the sound discretion of the circuit court and was not an abuse of that court's discretion, we find no error.

In his final assignment of error, petitioner argues that the circuit court erred in permitting the State to cross-examine petitioner's alibi witness regarding her failure to disclose petitioner's alibi prior to trial. Further, petitioner contends that the State made improper statements to the jury concerning the alibi witness's testimony. Based upon our review of the record, petitioner did not raise an objection as to the State's cross-examination of petitioner's alibi witness or any comments made by the State during its statements to the jury. In *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996), we ruled that in order "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Accordingly, petitioner's complaints regarding the cross-examination or the prosecutor's comments are waived.

Despite petitioner's failure to object, we note our reasoning in *State v. Whittaker*, 221 W.Va. 117, 131 n.18, 650 S.E.2d 216, 230 n.18 (2007), that

> [t]he "raise or waive" rule is not absolute where, in extraordinary circumstances the failure to object constitutes plain error. "The 'plain error' doctrine grants appellate courts, in the interest of justice, the authority to notice error to which no objection has been made." . . . "Under plain error, appellate courts will notice unpreserved errors in the most egregious circumstances. Even then, errors not seasonably brought to the attention of the trial court will justify appellate interventional only where substantial rights are affected.

"To trigger the application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Based upon our review of the record herein, the errors alleged by petitioner do not rise to the level of plain error. *See State v. Combs*, 175 W.Va. 765, 338 S.E.2d 365 (1985).

5

For the foregoing reasons, we affirm the circuit court's August 12, 2014, and October 2, 2014, orders denying petitioner's post-trial motions and motion for new trial.

Affirmed.

**ISSUED:** June 3, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II